UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. RESCH, AND<br>LORETTE M. RESCH<br><br>   Plaintiffs<br><br>VS.<br><br>BEACHCOMBER USA, INC., AND<br>ALL AMERICAN INDUSTRIES, CORP.,<br><br>   Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: CASE NO.: 08 CIV 6064(RMB)<br>:<br>:<br>:<br>: |

### REPORT OF THE PARTIES' RULE 26(F) PLANNING CONFERENCE

Date Complaint Filed:              July 2, 2008
Date Complaint Served on Defendants: July 21, 2008
Date of Defendants' Appearance:    July 21, 2008

Pursuant to the Fed. R. Civ. P. 16(b) and 26(f), a conference was held on August 15 and August 18, 2008. The participants were:

| *Counsel for Plaintiff* | *Counsel for Defendant* |
|---|---|
| *Timothy G. Ronan, Esq.*<br>*Cara Ann Ceraso, Esq.*<br>*Pullman & Comley, LLC*<br>*300 Atlantic Street*<br>*Stamford, CT 06901*<br>*(203)674-7933*<br>*(203) 363-8659 (facsimile)*<br>*tronan@pullcom.com*<br>*cceraso@pullcom.com* | *Scott M. Harrington, Esq.*<br>*Jonathan Whitcomb, Esq.*<br>*Diserio Martin O'Connor & Castiglioni LLP*<br>*One Atlantic Street*<br>*Stamford, CT 06901*<br>*(203) 358-0800 (ext. 329)*<br>*(203) 348-2321 (facsimile)*<br>*sharrington@dmoc.com* |

|  | *jwhitcomb@dmoc.com* |
|---|---|

**I.   CERTIFICATION**

The undersigned counsel for Michael J. Resch and Lorrette M. Resch (hereinafter "Plaintiffs"), and Beachcomber USA, Inc. and All American Industries, Corp. (hereinafter "Defendants"), certify that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of this case and have developed the following proposed case management plan.  Counsel for Plaintiffs and Defendants further certify that they have forwarded a copy of this report to their respective clients.

**II.   JURISDICTION**

   **A.   SUBJECT MATTER JURISDICTION**

Plaintiffs assert subject matter jurisdiction pursuant 28 U.S.C. §1332 due to the diversity of the citizenship of the parties and because the amount in controversy exceeds $75,000.00.

   **B.   PERSONAL JURISDICTION**

   1.   Plaintiffs reside in St. Thomas in the Virgin Islands and at 17 Raiders Lane, Darien, CT.  Personal jurisdiction is not disputed.

2. Defendant Beachcomber is a Delaware corporation with its principal place of business in the State of New York.

3. Defendant AAI is a Delaware Corporation with its Principal Place of Business in the State of New York.

The Court has personal jurisdiction over each of the Defendants based on their presence in the state of New York.

### III. BRIEF DESCRIPTION OF THE CASE

#### A. CLAIMS OF PLAINTIFF

Plaintiffs built a hotel in St. Thomas, Virgin Islands, which is located on a valuable beachfront lease from the Virgin Islands Port Authority. Franco J. Nocito, the principal of both Defendants, gained the Plaintiffs' trust, and convinced them to sell the hotel and their interest in the lease beachfront on which it is located to his company, Defendant Beachcomber.

Plaintiffs initially agreed to a total purchase price of $2 million, which included a $400,000 up-front, cash payment from Defendant Beachcomber to be paid at the closing and a $1.6 million interest-bearing, five (5) year promissory note from Defendant Beachcomber which was to have been paid in twenty (20) quarterly installments and

secured by both a performance bond from an AM Best A+ rated insurance company or financial entity and a guarantee from a corporate entity controlled by Mr. Nocito. After the purchase and sale agreement was signed, however, Mr. Nocito persuaded Plaintiffs to accept a smaller down payment at the closing of $300,000 with the $1.7 million balance to be paid under a ten (10) year, rather than a five (5) year, promissory note, which would be payable in forty (40), rather than twenty (20), quarterly installments and secured only by a performance bond from an AM Best A+ rated insurance company or financial entity, without a guarantee from one of Mr. Nocito's affiliates.

     Prior to the closing, Mr. Nocito further convinced the Plaintiffs to deliver operating control over the Hotel to himself and his selected associates without any performance by, or down payment from, Defendant Beachcomber under the amended agreement. Having gained the trust and confidence of the Plaintiffs, and then the operating control of their hotel, Mr. Nocito was able to obtain Plaintiffs' agreement to additional changes despite the fact that they were not advantageous to Plaintiffs. In fact, Mr. Nocito continued to take advantage of the Plaintiffs, again convincing them to accept a further reduction in the amount of the initial down payment and a substituted unsecured promissory note from Defendant All American Industries, Corp., which Mr. Nocito represented to Plaintiffs was a well-funded corporation with more significant assets than Defendant Beachcomber.

Defendants have not fulfilled the obligations set forth in the original or amended agreement with the Plaintiffs. Having gained the trust and confidence of the Plaintiffs, Mr. Nocito then continued to abuse their trust by "borrowing" an additional $2 million in cash, none of which was ever paid back. Furthermore, upon information and belief, Defendant Beachcomber has failed to satisfy various obligations, both financial and otherwise, to the local governmental authorities concerning the Hotel and its operations in the Virgin Islands, which failures have an impact on the Hotel, the prospects for its continued operations, the Reschs and the public at large.

   B.   **DEFENSES OF DEFENDANT**

Defendants, Beachcomber USA, Inc. ("Beachcomber") and All American Industries, Corp. ("AAI"), believe it was the Plaintiffs who abused Defendants' trust by inducing them to purchase Plaintiffs' stock in Allison Enterprises, Inc., which owned the hotel and the beachfront lease, by making multiple material representations to the Defendants and Mr. Nocito which proved to be untrue. Those misrepresentations include incorrect claims about the profit margins and cash flow from the hotel, the ability to extend the term of the ground lease on which the hotel sits, the absence of debts of the corporation, and the physical condition of the hotel rooms, infrastructure and restaurant. Many of these

representations are set forth in the stock purchase agreement appended to the Plaintiffs' complaint.

At this time, the Defendants intend to assert defenses, offsets, and/or counterclaims to the complaint as follows:

1. Defendants have made payments on the subject promissory note which have not been credited by the Plaintiffs.

2. Plaintiffs made material misrepresentations regarding the profits being earned by Allison Enterprises, Inc. prior to the sale of the stock to the Defendant Beachcomber.

3. Plaintiffs made material misrepresentations regarding the ability to extend the term of the ground lease for the hotel owned by Allison Enterprises, Inc. prior to the sale of the stock to the Defendant Beachcomber.

4. Plaintiffs made material misrepresentations regarding the condition of the hotel owned by Allison Enterprises, Inc. prior to the sale of the stock to the Defendant Beachcomber, and Defendants incurred approximately $1.2 million in expenses in improving the condition of the hotel so that it could be operated as a viable business.

5. Plaintiffs made material misrepresentations regarding debts and taxes owed by Allison Enterprises, Inc. prior to the sale of the stock to the Defendant Beachcomber, which debts Defendant became obligated to pay upon purchase of the stock.

6. There is a substantial loan owed by the Plaintiffs to Allison Enterprises, Inc. reflected on the books of the company, which loan the Plaintiffs have refused to pay.

Defendants also believe that certain of the Plaintiffs' claims, specifically the count seeking rescission and the claim for punitive damages, fail to state claims upon which relief may be granted and are subject to dismissal. Defendants reserve the right to amend their defenses and setoffs, and to assert counterclaims if appropriate, following additional discovery.

    **C.    DEFENSES AND CLAIMS OF THIRD-PARTY DEFENDANTS**

Not applicable.

**IV.    <u>CASE</u>**
    **A.    SCHEDULING CONFERENCE WITH THE COURT**

A Pretrial Conference with the Court is scheduled for August 20, 2008 at 9:15a.m. before entry of a scheduling order, pursuant to Federal Rule of Civil Procedure 16(b).

**B.     SETTLEMENT CONFERENCE**

We request that a settlement conference be scheduled.

**C.     DISCOVERY**

1. Rule 26(a) Information: The parties agree to and request an extension of time to make their Rule 26(a) initial disclosures until thirty (30) days from the Rule 26(f) conference, or by September 18, 2008.

2. Names of individuals with discoverable information: Michael and Lorette Resch, Franco J. Nocito, Michael S. Resch and Jonathan Austern. Any other individuals to be named at a later date as information becomes available through discovery.

3. The parties agree to produce all documents and electronic information in native format and/or hard copy. The parties do not anticipate that there is much in the area of electronically stored information ("ESI") or electronic discovery that will be exchanged in this case, except in the possible nature of ESI in the possession of third parties, such as banks and/or governmental entities.

4. Plaintiff seeks an accounting to determine the extent of damages and/or whether any tender is required from Plaintiffs in respect of its claim of rescission, and, if so, the amount of such tender.

5. The parties are unaware of any applicable insurance agreement.

6. The parties do not anticipate any issues with preserving discoverable information, but acknowledge that some electronic information may have been customarily deleted prior to the initiation of this action.

7. The parties do not anticipate conducting discovery in phases at this time. The parties expect to seek discovery of documents relating to the sale of the hotel and operations of the hotel prior to and after the sale. Plaintiffs also intend to seek discovery of bank records,

> expenses and payments from Defendants relating to the hotel and operations of the hotel after the sale.

8. The parties have no issues about claims of privilege at this time, but have acknowledged that there may be communications among or between prior counsel for Plaintiffs or Defendants and the parties which may be implicate the attorney-client privilege.

9. The parties do not seek any changes in the limitations on discovery imposed by under the federal or local rules other than the timing of the Rule 26(a) initial disclosures as noted above.

10. The parties do not seek any other orders under Rule 26(c) or 16(b) or (c).

**D.      DISPOSITIVE MOTIONS**

Counsel for Defendants informed counsel for Plaintiffs of their intent to file a Motion to Dismiss. Counsel for Plaintiffs is working with Counsel for Defendants in an attempt to resolve the subject of Defendants' proposed motion to dismiss by way of an Amended Complaint. Any further dispositive motions will be filed within 45 days of the close of discovery.

| **THE PLAINTIFFS,** | **THE DEFENDANTS,** |
|---|---|
| By: _____/s/_____ | By: _____/s/_____ |
| Timothy G. Ronan (TR7693) | Scott M. Harrington, Esq. (SH0588) |
| Cara Ann Ceraso (CC2412) | Jonathan Whitcomb, Esq. (_____) |
| Pullman & Comley, LLC | Diserio Martin O'Connor & |
| 300 Atlantic Street | Castiglioni LLP |
| Stamford, CT 06901-3522 | One Atlantic Street |
| Telephone 203-674-7900 | Stamford, CT 06901 |
| Facsimile 203-363-8659 | 203) 358-0800 (ext. 329) |
| tronan@pullcom.com | (203) 348-2321 (facsimile) |
| cceraso@pullcom.com | sharrington@dmoc.com |

10

## **CERTIFICATION**

      Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that a copy of the foregoing was mailed on August 19, 2008, to all counsel and pro se parties of record.

    Counsel for Defendants:

        Scott M. Harrington, Esq.
        Diserio Martin O'Connor & Castiglioni LLP
        One Atlantic Street
        Stamford, CT 06901

                                        /s/
                              Timothy G. Ronan (TR7693)
                              Pullman & Comley, LLC
                              300 Atlantic Street
                              Stamford, CT 06901-3522
                              Telephone 203-674-7900
                              Facsimile 203-363-8659
                              tronan@pullcom.com
                              cceraso@pullcom.com

Bridgeport/72289.1/CCERASO/706414v2